ELIZABETH M. MACVEAGH,

APPELLANT FROM DECREE OF JUDGE OF PROBATE

in re ALLOWANCE OF LAST WILL AND TESTAMENT OF

HELEN JOSEPHINE MCKEEN.

Cumberland.   Opinion, June 14, 1945.

*Elizabeth M. MacVeagh,* pro se.

*Ellis L. Aldrich,* for appellees.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MUR-CHIE, CHAPMAN, JJ.

CHAPMAN, J. The will of Helen Josephine McKeen was allowed by the Judge of the Probate Court and, upon appeal to the Superior Court sitting as the Supreme Court of Probate, the decree of allowance was sustained. In her stated reasons for appeal from the decree of the Judge of Probate to the Supreme Court of Probate, the appellant claimed mental incapacity on the part of the testatrix and undue influence. The case comes to this court upon exceptions to the decree of the Superior Court.

There was no evidence upon which to justify a finding that the will was the result of undue influence.

Upon the question of mental incapacity each of the parties presented evidence material to the issue.

The burden was upon the proponent to prove that the testatrix, at the time of the execution of the will, had such mind as would enable a person to transact common and

simple kinds of business with that intelligence which belongs to the weakest class of sound minds, together with a memory sufficient to recall the general nature, condition and extent of her property and her relations to those to whom she gave and also to those from whom she excluded her bounty. *Hall v. Perry,* 87 Me., 569, 33 A., 160; 47 Am. St. Rep., 352; *Rogers, Appellant,* 126 Me., 267, 138 A., 59.

The credibility of the witnesses and the probative force of their testimony were for the determination of the presiding justice and his decision if supported by competent evidence was final. For this there is abundant authority. *Hooper Estate,* 136 Me., 451, 12 A., 2d., 417.

A careful examination of the record convinces us that the decision of the justice should be sustained.

The entry must be

> *Exceptions overruled. Ordered that the costs and stenographers' and counsel fees of the proponent in the Supreme Court of Probate and in the Probate Court be fixed and allowed by the respective judges of those courts, and paid by the administrator to be appointed by the Probate Court, and charged by such administrator in his account with the estate.*